UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN ANGEL BACA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:07-CV-2031-G |
| SUBHASH A. JOSHI, M.D., ET AL., ) | |
| ) | **ECF** |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Subbash A. Joshi[1] and Ananda D. Babbili (collectively, "the defendants"), to dismiss the claims against them of the plaintiff Juan Angel Baca ("the plaintiff" or "Baca"). In the event a dismissal is granted, the plaintiff seeks leave to file an amended complaint. For the reasons set forth below, the defendants' motion to dismiss and the plaintiff's motion for leave to file an amended complaint are granted.

---

[1] The complaint names the defendant as Subhash A. Joshi. *See generally* Complaint.

## I. BACKGROUND

Baca is a prisoner currently housed in the Texas Department of Criminal Justice Correctional Institutions Division, Sanders Estes Unit, in Venus, Texas ("TDCJ"). Defendants' Motion to Dismiss with Brief in Support ("Motion") at 1. On three occasions -- October 25, 2006, November 5, 2006, and December 5, 2006 -- Baca fell at TDCJ and sustained injuries to his right hand, wrist, and lower back. Complaint at 4. Baca asserts that these injuries were the result of improper footwear. *Id.* He alleges that the treatment, or lack thereof, he received after complaining of the improper footwear violated his civil rights. *Id.*

On December 5, 2007, proceeding *pro se* and *in forma pauperis*, Baca filed the this lawsuit. Baca asserts that the denial of improper footwear violated his rights pursuant to 42 U.S.C. § 1983 ("§ 1983"). Specifically, Baca claims that this denial amounted to cruel and unusual punishment under the Eighth Amendment. *Id.*; *see also* Step 2 Offender Grievance Form ("Grievance Form"), *attached to* Complaint, at 3.

On February 4, 2008, the defendants filed this motion to dismiss Baca's claim against them on the grounds that they are entitled to Eleventh Amendment immunity and for failure to state a claim upon which relief could be granted.

II.  ANALYSIS

A.  Claims Under § 1983

To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986), and *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).

1.  *Legal Standards Applicable On Motions To Dismiss
Under* FED. R. CIV. P. *12(b)(6)*

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted."  A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted).  Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant.  *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991).  The court should also give a

plaintiff the opportunity to amend his complaint, rather than dismiss it, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); see also *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597-99 (5th Cir. 1981).

2. *Qualified Immunity*

The defendants argue that the doctrine of qualified immunity entitles them to dismissal of the Baca's claim against them. Motion at 8-9. The defendants assume that Baca is asserting a deliberate indifference to medical care under the Eight Amendment. *Id*. at 5.

The threshold question the court must answer is whether the defendant government officials are entitled to qualified immunity on the plaintiff's claims. See *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991), and *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The plaintiff must allege particularized facts which, if proved, would defeat a qualified immunity defense. See *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989) (citing *Geter v. Fortenberry*, 849 F.2d 1550 (5th Cir. 1988); *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985); and *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986)); see also *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) ("[W]hen a plaintiff sues a public official under § 1983, the district court must

insist on heightened pleading by the plaintiff.") (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc)).

Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). The existence of qualified immunity is a policy decision which weighs the vindication of individuals' rights against society's needs for effective government. *Elliott*, 751 F.2d at 1476-78. The need for effective government outweighs individual rights to this extent -- some justified claims will necessarily be dismissed in the interest of freeing public officials "to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Id.* at 1478.

Where civil rights violations are asserted, a government official is entitled to qualified immunity if a reasonable official could have believed his actions to be lawful "in light of clearly established law [at the time] and the information the [official] possessed." *Babb*, 33 F.3d at 477 (quotations omitted); see also *Anderson v. Creighton*, 483 U.S. 635, 638-40 (1987); *Matherne v. Wilson*, 851 F.2d 752, 756 (5th Cir. 1988) (holding that the court must measure the "law's certainty" against "an objectively

reasonable view of the facts facing an official"). The contours of the plaintiff's rights must have been clear enough for a reasonable official to have understood that he was violating those rights. *Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994) (citing *Texas Faculty Association v. University of Texas at Dallas*, 946 F.2d 379, 389-90 (5th Cir. 1991)). Thus, in light of the preexisting law, the unlawfulness of a defendant's acts must have been apparent. *Anderson*, 483 U.S. at 638-40; *Hodorowski v. Ray*, 844 F.2d 1210, 1216-17 (5th Cir. 1988).

"The qualified immunity defense 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Gibson*, 44 F.3d at 277 (citation omitted). Government officials are entitled to the defense of qualified immunity if "their decision was reasonable, albeit mistaken." *Lampkin v. City of Nacogdoches,* 7 F.3d 430, 435 (5th Cir. 1993) (per curiam) (citation omitted), *cert. denied*, 511 U.S. 1019 (1994). The court is to determine as a matter of law if an official's acts were reasonable. *Mangieri*, 29 F.3d 1015-16 (citing *Lampkin*, 7 F.3d at 434-35).

The complaint does not list either defendants' "official position" as instructed on the form, but Baca did list the defendants' address as that of the TDCJ. *See* Complaint at 3. Without further specificity, the defendants classify themselves as "[g]overnment employees." Motion at 8. In Baca's response to the motion, he asserts that "[t]he defendants are contract private medical providers at the Sanders

Estes Unit, they are not [state officials] afforded the blanket protection of the 11th Amendment as claimed by Defendants' counsel here." Plaintiff Baca's Motion to Deny Defendants' Motion to Dismiss with Brief in Support ("Response") at 3. The defendants did not file a reply to this response. Thus, the defendants are not entitled to qualified immunity because they have not refuted Baca's assertion that they are not government officials. Moreover, the court assumes that Baca's claims against the defendants are in their individual capacities, based on his assertion that these defendants are private medical providers. Therefore, the court must examine whether "private medical providers" are entitled to qualified immunity, even though they are not government officials.

The Supreme Court of the United States in *Richardson v. McKnight*, 521 U.S. 399, 412 (1997), ruled that prison guards who are employees of a private prison management firm are not entitled to qualified immunity from suit by prisoners charging a violation of § 1983. Although the Supreme Court made it clear in *Richardson* that its holding was limited to the facts presented there, other courts have withheld qualified immunity in suits against private prison guards and private medical physicians as well.

A privately employed prison physician was ineligible to advance the defense of qualified immunity in *Hinson v. Edmond*, 192 F.3d 1342, 1345 (11th Cir. 1999), *opinion amended*, 205 F.3d 1264 (2000). In *Hinson*, the Eleventh Circuit ruled that

the case before it was similar enough to *Richardson* for *Richardson* to guide the decision, and the court found no reason to distinguish between privately employed prison guards and privately employed prison physicians. *Id*. at 1347. The facts in *Hinson* were similar to the facts in *Richardson*, because in both cases the government hired companies to perform significant tasks -- the provision of health services in *Hinson* and prison guard services in *Richardson*.

There is no basis in the record to determine whether the defendants are entitled to qualified immunity,[2] and thus no reason to disagree with *Richardson* and *Hinson*. In accordance with those cases, the court concludes that the defendants are not entitled to qualified immunity, at least until more facts are established regarding their employment status. The defendants' motion for failure to state a claim under § 1983 because of defendants' qualified immunity is denied.

       3. *Plaintiff Failed to Allege That the Defendants Were Personally Involved*

"To survive a Rule 12(b)(6) motion, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

---

[2] The record does not show the employment status of the defendants. It contains solely the complaint filed by the plaintiff alleging that these defendants are not government employees.

allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S.Ct. at 1964-65 (citations, quotations marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Katrina Canal*, 495 F.3d at 205 (internal quotation marks omitted) (quoting *Bell Atlantic*, 127 S.Ct. at 1965). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id*. (internal quotation marks omitted) (quoting *Martin K. Eby Construction Company v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

The complaint specifies that the defendants both participated in the "denial of treatment for these injuries that were the result of improper footwear." Complaint at 4. Construing the *pro se* complaint liberally and taking all well pleaded facts as true, the court concludes that the plaintiff does adequately specify the persons involved in the constitutional deprivation. See *Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006). Alleging a violation of his Eighth Amendment rights in the treatment he received, Baca also alleges a valid constitutional deprivation. Thus, the defendants' motion for failure to indicate the defendants were personally involved is denied.

### 4. *Failure to State a Claim of Deliberate Indifference under the Eighth Amendment*

The Supreme Court has held that an inmate must satisfy two requirements to demonstrate that a prison official has violated the Eighth Amendment. "First, the deprivation alleged must be, objectively, 'sufficiently serious'; a prison official's act or omission must result in the denial of the 'minimal civilized measure of life's necessities' . . .. Second, a prison official must have a 'sufficiently culpable state of mind.'" *Palmer v. Johnson*, 193 F.3d 346, 352 (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In prison conditions cases, that state of mind is one of deliberate indifference to inmate health or safety. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)).

"The Eight[h] Amendment imposes a duty on prison officials to 'provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must "take reasonable measures to guarantee the safety of the inmates."'" *Rodriguez v. Texas Department of Criminal Justice, Institutional Division*, No. 1:00-CV-0236-C, 2003 WL 22055820 (N.D. Tex. Aug. 28, 2003); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). See *Sampson v. King*, 693 F.2d 566, 569 (5th Cir. 1982) ("In general, the state has a responsibility to protect the safety of its prisoners."). A prison official violates this duty when by act or omission he is

deliberately indifferent to prison conditions which pose a substantial risk of serious harm. *Rodriguez*, 2003 WL 22055820 at *10; *Farmer*, 511 U.S. at 834.

"To establish deliberate indifference in the context of the Eighth Amendment, the prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). See *Farmer v. Brennan*, 511 U.S. at 837 (holding that the subjective test for deliberate indifference requires that the official both know of and disregard an excessive risk of harm). The legal conclusion of deliberate indifference must rest on facts clearly evincing "obduracy and wantonness, not inadvertence or error in good faith." *Rodriguez*, at *11; *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Supreme Court has explained that

> [w]anton means reckless -- without regard to the rights of others . . . . Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.

*Smith v. Wade*, 461 U.S. 30, 39-40 n.8 (1983) (quoting 30 American and English Encyclopedia of Law 2-4 (2d ed.1905) (footnotes omitted)). Thus, negligence is not

a theory for affixing liability under § 1983. *Daniels v. Williams*, 474 U.S. 327, 333 (1986); *Benavides v. Santos*, 883 F.2d 385, 387 (5th Cir. 1989).

"Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' *Id.* Furthermore, the decision whether to provide additional treatment 'is a classic example of a matter for medical judgment.' *Estelle [v. Gamble]*, 429 U.S. [97] at 107 [(1976)]. And, the 'failure to alleviate a significant risk that [the official] should have perceived, but did not' is insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); see also *Farmer*, 511 U.S. at 838.

The plaintiff has failed to present any evidence that suggests the defendants acted with deliberate indifference. In fact, the plaintiff makes no mention of "deliberate indifference." *See* Complaint. At most, the defendants' actions amount to an incorrect diagnosis. For all that appears in the record, the defendants did not intentionally treat the plaintiff incorrectly, nor did they demonstrate any conduct that would clearly evince a wanton disregard for any serious medical needs. *Id.* It is

possible that the plaintiff did not receive the proper footwear that ultimately caused him to fall, however, it is also possible that the plaintiff is clumsy, or does not have a good sense of balance.

The facts do not show the defendants acted with "deliberate indifference," a requirement for a 42 U.S.C. § 1983 claim by a prisoner. Therefore, the defendants motion for failure to state a claim under § 1983 is granted.

B. 42 U.S.C. § 1997(e), Failure to Exhaust All Administrative Remedies

A prisoner must exhaust all available administrative remedies before bringing suit under 42 U.S.C. § 1983. See *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001) (holding that merely filing a grievance without further action does not demonstrate exhaustion of administrative remedies as contemplated by the Prison Litigation Reform Act of 1995). The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, provides that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. § 1997e(a).

Justice Ginsburg, writing for the Supreme Court, made clear that this exhaustion requirement under the PLRA "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they

allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). When a prisoner files suit, "[a]bsent a valid defense to the exhaustion requirement," that suit must be dismissed without prejudice. *Wendell v. Asher*, 162 F.3d 887, 890-891 (5th Cir. 1998).

The Texas Department of Criminal Justice provides a two-step process for filing administrative grievances. *Id.* at 891 (outlining the 90 day grievance process). In Texas, prisoners are allowed 15 calendar days to file a step 1 grievance. *Id*. In the instant case, the record does not reflect when Baca filed his step 1 grievance. *See generally* Complaint. The record only reflects a step 2 grievance, thus implying that Baca had already filed a step 1 grievance. See *id*.

This court does have a strict interpretation of the exhaustion of administrative remedies requirement. In *Amir-Sharif v. Gonzalez*, No. 3:06-CV-2269-G, 2007 WL 1411427 (N.D. Tex. May 14, 2007), the prisoner failed to complete the two step grievance procedure because allegedly the prison never responded to the step 1 grievance. *Id.* at *1. The prisoner should have appealed the step 1 grievance even if the prison did not respond to it. *Id.* at *2. However, in the instant case, the plaintiff did file a step 1 grievance,[3] and the plaintiff also filed a step 2 grievance.

The plaintiff's step 2 grievance is dated August 27, 2007. *See generally* Grievance Form. The filing of this step 2 grievance comes 8 months and 22 days past

---

[3] Because the record includes a step 2 grievance, the court assumes that Baca filed the step 1 grievance.

the last injury the plaintiff suffered, December 5, 2006. *Id.* According to the procedure provided for by the Texas Department of Criminal Justice, it should only have taken the plaintiff 90 days from December 5, 2006 to file his step 2 grievance. Therefore, it appears as though the plaintiff did not file his grievances within the specified time.

Nonetheless, the record reflects that the plaintiff's step 2 grievance form was submitted by the due date. *Id*. The due date listed on the Grievance Form is October 1, 2007. *Id.* The Grievance Form was received was August 27, 2007. *Id.* Therefore, through inferences based on the grievance procedures, the plaintiff appears to have not filed the grievances within the specified time. However, according to the step 2 Offender Grievance Form in the record, the plaintiff filed before the due date. *Id.* The facts in the record do not permit this court to dismiss this claim for failure to exhaust all administrative remedies according to 42 U.S.C. § 1997(e). The defendants' motion to dismiss for failure to exhaust all administrative remedies according to 42 U.S.C. § 1997(e) is denied.

### C. Plaintiff's Motion for Leave to File an Amended Complaint

In the event his complaint is found "deficient[,]" Baca seeks leave to amend his complaint. Response at 5. Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." FED. R.

CIV. P. 15(a); see also *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("[L]eave to amend 'shall be freely given when justice so requires.'"). Whether a motion to amend should be granted is within the discretion of the district court. *Id.* at 182. When exercising its discretion, the court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. . . ." *Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1150-51 (5th Cir. 1990) (quoting *Foman*, 371 U.S. at 182). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994).

Construing the claims of this *pro se* litigant liberally, it is possible that the plaintiff could prove a set of facts in support of his claims. See *Kaltenbach*, 464 F.3d, 527. The Court does not see a "substantial reason" to dismiss the plaintiff's claims without granting the plaintiff's motion for leave to file an amended complaint. *Leffall*, 28 F.3d at 524. Therefore, the plaintiff's motion for leave to file an amended complaint is granted.

### III. CONCLUSION

For the reasons states above, the defendants motion to dismiss is **GRANTED** for failure to state a claim of deliberate indifference under § 1983, all other motions

are **DENIED**. The plaintiff's motion for leave to file an amended complaint is **GRANTED**. Plaintiff shall file an amended complaint, if he chooses to do so, by **August 19, 2008**.

    **SO ORDERED**.

July 22, 2008.

                                        _/s/ A. Joe Fish_
                                        **A. JOE FISH**
                                        **Senior United States District Judge**