UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JUAN ANGEL BACA, | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:07-CV-2031-G |
| SUBHASH A. JOSHI, M.D., ET AL., | ) |
| | ) **ECF** |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Ananda D. Babbili and Subash A. Joshi (collectively, "the defendants"), to dismiss the claims asserted against them by the plaintiff Juan Angel Baca ("the plaintiff" or "Baca"). For the reasons set forth below, the defendants' motion to dismiss is granted.

### I. BACKGROUND

Baca is a prisoner currently housed in the Texas Department of Criminal Justice Correctional Institutions Division, Sanders Estes Unit, in Venus, Texas ("TDCJ"). Defendants' Second Motion to Dismiss with Brief in Support ("Motion") at 1. Baca maintains that Joshi was deliberately indifferent to Baca's medical needs

when Joshi "took away [Baca's] orthopedic boots that caused [him] to fall and injure [his] wrists and back." Plaintiff's First Amended Complaint ("Amended Complaint") at 2-3.* This further aggravated a pre-existing foot problem. *Id*. at 3. Baca also contends that Ananda was deliberately indifferent to Baca's medical needs when Ananda prescribed larger footwear rather than medical boots. *Id*. Baca asserts that the continual refusal of the defendants to prescribe him medical boots violated his rights under the Eighth Amendment to the United States Constitution. *Id*. at 4.

On December 5, 2007, proceeding *pro se* and *in forma pauperis*, Baca filed the this suit. Baca asserted that the denial of proper footwear violated his rights pursuant to 42 U.S.C. § 1983 ("§ 1983"). *See generally* Complaint. Specifically, Baca claimed that this denial amounted to cruel and unusual punishment under the Eighth Amendment. *Id*.; *see also* Step 2 Offender Grievance Form ("Grievance Form"), *attached to* Complaint, at 3.

On February 4, 2008, the defendants filed a motion to dismiss Baca's claims against them on the grounds that they were entitled to Eleventh Amendment immunity and for failure to state a claim upon which relief could be granted.

---

* In his original complaint, Baca alleged that on three occasions -- October 25, 2006, November 5, 2006, and December 5, 2006 -- Baca fell at TDCJ and sustained injuries to his right hand, wrist, and lower back. Complaint at 4. Baca asserted that these injuries were the result of improper footwear. *Id.* He contended that the treatment, or lack thereof, that he received after complaining of the improper footwear violated his civil rights. *Id.*

On July 22, 2008, this court denied the defendants' motion to dismiss for failure to state a claim under § 1983 due to the defendants' purported qualified immunity, denied the defendants' motion to dismiss for failure to indicate the defendants were personally involved, granted the defendants motion to dismiss for failure to state a claim under § 1983 because Baca did not demonstrate that the defendants acted with "deliberate indifference," a requirement for a § 1983 claim by a prisoner, denied the defendants' motion to dismiss for failure to exhaust all administrative remedies according to 42 U.S.C. § 1997(e), and granted the plaintiff's motion for leave to file an amended complaint. *See generally* Memorandum Opinion and Order Dated July 22, 2008 ("July 22, 2008 Memorandum Opinion"). On August 11, 2008, Baca amended his complaint, asserting claims against the defendants in their individual and official capacities. *See generally* Amended Complaint.

On August 18, 2008, the defendants filed a second motion to dismiss Baca's claims against them on the grounds that they are entitled to qualified immunity and that Baca has failed to state a cognizable claim. *See generally* Motion.

II. <u>ANALYSIS</u>

*Claims Under § 1983*

To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate

that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986), and *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155 (1978)).

*Legal Standards Applicable On Motions To Dismiss*
*Under FED. R. CIV. P. 12(b)(6)*

FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted." A motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994) (citations omitted). Before dismissal is granted, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-movant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citations omitted); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). The court should also give a plaintiff the opportunity to amend his complaint, rather than dismiss it, if it appears that a more carefully drafted complaint might state a claim upon which relief could be granted. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); see also *Dussouy v. Gulf Coast Investment Corporation*, 660 F.2d 594, 597-99 (5th Cir. 1981).

*Qualified Immunity*

The defendants argue that the doctrine of qualified immunity entitles them to dismissal of the Baca's claim against them. Motion at 3-5.

The threshold question the court must answer is whether the defendant government officials are entitled to qualified immunity on the plaintiff's claims. See *Mangieri v. Clifton*, 29 F.3d 1012, 1015 (5th Cir. 1994) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991), and *Brewer v. Wilkinson*, 3 F.3d 816, 820 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The plaintiff must allege particularized facts which, if proved, would defeat a qualified immunity defense. See *Brown v. Glossip*, 878 F.2d 871, 874 (5th Cir. 1989) (citing *Geter v. Fortenberry*, 849 F.2d 1550 (5th Cir. 1988); *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985); and *Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986)); see also *Morin v. Caire*, 77 F.3d 116, 121 (5th Cir. 1996) ("[W]hen a plaintiff sues a public official under § 1983, the district court must insist on heightened pleading by the plaintiff.") (citing *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc)).

Qualified immunity shields government officials performing discretionary functions from liability for civil damages unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Gibson v. Rich*, 44 F.3d 274, 277 (5th Cir. 1995) (citing *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994)). The

existence of qualified immunity is a policy decision which weighs the vindication of individuals' rights against society's needs for effective government. *Elliott*, 751 F.2d at 1476-78. The need for effective government outweighs individual rights to this extent -- some justified claims will necessarily be dismissed in the interest of freeing public officials "to exercise their duties and functions without fear of having their attentions distracted by the subsequent claims of unhappy or unsuccessful litigants." *Id.* at 1478.

Where civil rights violations are asserted, a government official is entitled to qualified immunity if a reasonable official could have believed his actions to be lawful "in light of clearly established law [at the time] and the information the [official] possessed." *Babb*, 33 F.3d at 477 (quotations omitted); see also *Anderson v. Creighton*, 483 U.S. 635, 638-40 (1987); *Matherne v. Wilson*, 851 F.2d 752, 756 (5th Cir. 1988) (holding that the court must measure the "law's certainty" against "an objectively reasonable view of the facts facing an official"). The contours of the plaintiff's rights must have been clear enough for a reasonable official to have understood that he was violating those rights. *Johnston v. City of Houston*, 14 F.3d 1056, 1059 (5th Cir. 1994) (citing *Texas Faculty Association v. University of Texas at Dallas*, 946 F.2d 379, 389-90 (5th Cir. 1991)). Thus, in light of the preexisting law, the unlawfulness of a defendant's acts must have been apparent. *Anderson*, 483 U.S. at 638-40; *Hodorowski v. Ray*, 844 F.2d 1210, 1216-17 (5th Cir. 1988).

"The qualified immunity defense 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Gibson*, 44 F.3d at 277 (citation omitted). Government officials are entitled to the defense of qualified immunity if "their decision was reasonable, albeit mistaken." *Lampkin v. City of Nacogdoches,* 7 F.3d 430, 435 (5th Cir. 1993) (per curiam) (citation omitted), *cert. denied*, 511 U.S. 1019 (1994). The court is to determine as a matter of law if an official's acts were reasonable. *Mangieri*, 29 F.3d 1015-16 (citing *Lampkin*, 7 F.3d at 434-35).

In its July 22, 2008 Memorandum Opinion, this court concluded that the defendants were not entitled to qualified immunity, "at least until more facts are established regarding their employment status." July 22, 2008 Memorandum Opinion at 8. Because the record contained only the complaint filed by the plaintiff alleging that the defendants are not government employees, the court necessarily assumed in that opinion that the defendants were private medical providers. *Id*. at 6-8.

On August 18, 2008, the defendants pleaded that they are employed by UTMB-CMC and work at the TDCJ under an agreement made by the TDCJ Correctional Managed Health Care Committee. Motion at 3; *see also* TEX. GOV'T CODE ANN. § 501.147. This agreement gives UTMB-CMC employees working at TDCJ the right to receive the same salary and benefits applicable to TDCJ employees.

Motion at 3; *see also* TEX. GOV'T CODE ANN. § 501.146. Thus, the defendants maintain that they, as employees of UTMB-CMC providing care to TDCJ offenders, are acting as government officials and are to be afforded qualified immunity. Motion at 3.

Baca has failed to defeat the defendants' qualified immunity defenses. The defendants have introduced evidence sufficient to demonstrate that their actions were objectively reasonable and thus not only were immune but also did not violate the Baca's constitutional rights. Accordingly, the defendants' motion to dismiss Baca's claims against them are granted.

### III. CONCLUSION

For the reasons states above, the defendants' motion to dismiss is **GRANTED**.

**SO ORDERED**.

September 24, 2008.

_____
**A. JOE FISH**
**Senior United States District Judge**